# UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

U.S. DISTRICT COURT
DISTRICT OF WYOMING
FEB 2 2 2005 4\1 \5 pm
Betty A. Griess, Clerk
Casper

UNITED STATES OF AMERICA

V.

JESUS ENRIQUE MURGUIA-RUBIO

**CRIMINAL COMPLAINT**

CASE NUMBER: 05 m 32-B

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

### COUNT ONE

On or about February 17, 2005, in the District of Wyoming, **JESUS ENRIQUE MURGUIA RUBIO**, the Defendant, did knowingly, intentionally, and unlawfully possess with intent to distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)A)(viii).

*(COMPLAINT CONTINUED)*

I further state that I am a Special Agent and that this Complaint is based on the following facts:

*(AFFIDAVIT CONTINUED)*

Continued on the attached sheet and made a part hereof:   XX Yes      No

_____
Signature of Complainant
Tim Hill

Sworn to before me and subscribed in my presence,

February 22, 2005                    at    Casper, Wyoming
Date                                        City and State

R. Michael Shickich
United States Magistrate Judge            _____
Name & Title of Judicial Officer          Signature of Judicial Officer

**Attachment A**
*Complaint Continued*
**Jesus Enrique Murguia-Rubio**

## COUNT TWO

On or about February 17, 2005, in the District of Wyoming, **JESUS ENRIQUE MURGUIA-RUBIO**, the Defendant herein, did knowingly, intentionally, and unlawfully possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and (c).

## Attachment B
### *Affidavit*
### Jesus Enrique Murguia-Rubio

I, Tim Hill, being first duly sworn upon oath, depose and state that I am employed by the Wyoming Division of Criminal Investigation as a Special Agent. I have discussed the following facts with DCI Agent Scott Appley. Agent Appley has read reports from the Wyoming Highway Patrol and has discussed the following facts with Troopers from the Wyoming Highway Patrol.

On February 17, 2005, at about 5:00 p.m., Wyoming Highway Patrol Trooper Dwayne Hunt was driving east bound on Interstate 90 around mile post 142. Trooper Hunt drove by a 1995 Buick LeSabre bearing Washington license plate number 217RSL. Trooper Hunt noticed that the registration appeared to have expired in January of 2005. Trooper Hunt ran the license plate through the control terminal in Cheyenne, Wyoming, and the registration came back expired January 13, 2005.

Trooper Hunt then initiated a traffic stop at about mile post 143 on Interstate 90 on the east bound lane. Trooper Hunt contacted the driver, Jesus Enrique Murguia-Rubio. Murguia-Rubio produced a Washington State drivers license. Murguia-Rubio stated that he was driving from Washington to Chicago, Illinois, and was going to see his brother's child who is sick. When asked who the car belonged to, Jesus Enrique Murguia-Rubio said a friend, and the passenger tried to find the registration for the car. Jesus Enrique Murguia-Rubio attempted to call the owner of the vehicle, but was never able to tell Trooper Hunt the name of the owner of the car.

Trooper Hunt then spoke with the passenger, Robert Michael Clark. Clark said that he was from California and said that he had been in Washington for two days. Clark produced an Arkansas drivers license with a photo. Clark said he was going to Chicago, Illinois, with his cousin, Jesus

Enrique Murguia-Rubio, to see a sick kid. Clark had no idea of how long Jesus Enrique Murguia-Rubio and he were going to be gone.

Trooper Hunt noted that both Jesus Enrique Murguia-Rubio and Clark were very nervous and noticed that there were air fresheners on both sides of the car that were visible. Trooper Hunt observed fast food wrappers on the front floor board of the vehicle.

Trooper Hunt contacted the Campbell County Sheriff's Office and requested a canine. Corporal Randy Parker was contacted to assist. Trooper Jeremy Beck and Trooper Todd Leimser arrived on scene to assist Trooper Hunt. Trooper Beck and Trooper Leimser began a conversation with Jesus Enrique Murguia-Rubio. Trooper Beck asked if there were any illegal substances, large amounts of cash or firearms in the vehicle. Jesus Enrique Murguia-Rubio replied no. Trooper Beck asked for permission to search the car. Jesus Enrique Murguia-Rubio asked, "you want to search the car?" Trooper Beck said, "yes, I would like to search the car," and Jesus Enrique Murguia-Rubio said, "okay."

At about the time Trooper Beck asked for consent to search the vehicle, Corporal Randy Parker arrived with his canine. Corporal Parker was advised that Trooper Beck had gained permission to search the car. Corporal Parker began searching the interior of the car and found in the center console between the passenger and driver seat a small bud of marijuana. The search continued and the canine alerted on the back seat area of the car. Trooper Leimser pulled up the foam padding of the back seat and found three separate taped packages consistent with the way controlled substances are transported. The smallest of the packages, a plastic bag wrapped in duct tape, was field tested by Trooper Leimser and tested presumptive positive for cocaine.

At this time Jesus Enrique Murguia-Rubio and Clark were placed under arrest. The vehicle

was then moved to the Wyoming Transportation Building in Gillette, Wyoming, and was searched. At the Wyoming Transportation Building one of the other containers, a square plastic container wrapped in duct tape was opened and field tested by Corporal Randy Parker. The contents tested presumptive positive for methamphetamine. The third container looked identical to the second container and appeared to contain methamphetamine. Trooper Hunt weighed each container. The small container with the suspected cocaine weighed .6 pounds and the two plastic containers weighed 1.3 pounds each. It was determined that there was a total of .6 pounds of cocaine and 2.6 pounds of methamphetamine. Based on my training and experience, these amounts of controlled substances are typically controlled substances that are being transported to another location for delivery.

## PENALTY SUMMARY

DATE:                February 22, 2005

DEFENDANT NAME:      **JESUS ENRIQUE MURGUIA-RUBIO**

ADDRESS:             (In Custody)

**OFFENSE AND PENALTIES:**

OFFENSE:   Ct. 1    **21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii)**
                    (Possession with Intent to Distribute Methamphetamine)

PENALTIES:          10 years to life imprisonment
                    $4,000,000 fine
                    5 years supervised release
                    $100 special assessment

OFFENSE:   Ct. 2    **21 U.S.C. §§ 841(a)(1) and (c)**
                    (Possession with Intent to Distribute Cocaine)

PENALTIES:          0 to 20 years
                    $1,000,000 fine
                    3 years supervised release
                    $100 special assessment

**TOTALS:**         10 years to life imprisonment
                    $5,000,000 fine
                    5 years supervised release
                    $200 special assessment

AGENT:     Scott Appley, DCI

AUSA:      John R. Barksdale


ESTIMATED TIME OF TRIAL:

  X    five days or less
  ___  over five days
  ___  other

THE GOVERNMENT:

  X    will                          ___  The court should not grant bond because the
                                          Defendant is not bondable because there
  ___  will not                           are detainers from other jurisdictions.

SEEK DETENTION IN THIS CASE.